## Yearsley Company, Appellant, *v.* Lindsay.

*Contracts—Conversion—Case for jury.*

In an action of trespass for conversion of money belonging to the plaintiff, the case is for the jury and a verdict for the defendant will be sustained, where the issue was one of fact as to the existence of an oral contract, and the jury found in favor of the defendant on sufficient evidence.

Argued December 11, 1923. Appeal, No. 320, Oct. T., 1923, by plaintiffs, from judgment of Municipal Court of

30    YEARSLEY CO., Appellant, *v.* LINDSAY.

Statement of Facts—Opinion of the Court. [83 Pa. Superior Ct.
Philadelphia, Jan. T., 1923, No. 623, on verdict in favor
of defendant, in the case of Thomas Yearsley and Wil-
liam A. Wollerton, copartners, trading as Thomas Years-
ley Company, v. Andrew Lindsay. Before ORLADY, P. J.,
PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-
THROP, JJ. Affirmed.

Trespass to recover money wrongfully embezzled and
converted by defendant. Before CRANE, J.

The facts are stated in the opinion of the Superior
Court.

The jury rendered a verdict in favor of the defendant
and judgment was entered thereon. Plaintiff appealed

*Errors assigned* were various rulings on evidence and
refusal of plaintiff's motion for judgment non obstante
veredicto.

*James Yearsley,* and with him *Illoway & Felix,* for ap-
pellants.

*James A. Walker,* for appellee.

OPINION BY GAWTHROP, J., February 29, 1924:

Appellants sued appellee in trespass to recover $150,
alleging that he had "wrongfully and illegally embez-
zled and converted" that sum to his use. The basis of
the claim, as the statement alleges it, was this: One
Connell was the owner of and had for sale, at $200, two
tanks. Of this, appellants had knowledge. Later appel-
lee inquired of appellants as to their information about
the tanks and stated to them that he had a purchaser
who would pay $500 for them, if they were satisfactory.
Appellee then agreed with appellants that he would in-
duce the prospective buyer to take the tanks at $500
and if he did so, the profit—$300—would be divided
equally between appellants and appellee. Connell sold
the tanks, received his asking price—$200—and appellee

received the profit—$300—and retained it.    The total money consideration was furnished by the purchaser.

No affidavit of defense was filed and the case was tried on its merits.    A single question was submitted for the jury's determination:  Had the contract stated by appellants been made?    The jury found in the negative.    We are bound by that finding as well as appellants.    There is no other question in the case.

The judgment is affirmed.